Paul C. Llewellyn
Patricia A. Ryder
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-7828

*Attorneys for Pfizer Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

PFIZER INC.,

      Plaintiff,

  v.

ARYE SACHS, an individual, and
JETANGEL.COM, an unincorporated business,

      Defendants.

---------------------------------------------------------------- x

08 CIV 8065

COMPLAINT

Judge Pauley

  Plaintiff Pfizer Inc. ("Pfizer"), for its complaint against defendants Arye Sachs and Jet Angel.com (together, "defendants") for trademark infringement, trademark dilution, false designation of origin, false endorsement, false association and unfair competition, pleads and alleges as follows:

### NATURE AND BASIS OF THE ACTION

  1. This action is brought by Pfizer under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, New York General Business Law §§ 349, 350 and 360-l and the common law of New York, against defendants Arye Sachs and JetAngel.com, seeking temporary, preliminary and permanent injunctive relief and damages relating to defendants' blatant misappropriation of Pfizer's famous VIAGRA® and VIVA VIAGRA trademarks (together, the "VIAGRA® Marks") for the

promotion of defendants' advertising services and other products and services. Pfizer, a research-based global pharmaceutical company, owns the federally-registered trademark VIAGRA® for use in connection with pharmaceutical products for the treatment of erectile dysfunction, as well as common law rights in the VIAGRA® Marks, which it uses in connection with its well known VIAGRA® (sildenafil citrate) product and in connection with the provision of medical information relating to men's health. Pfizer has invested enormous sums of money to advertise and publicize its VIAGRA® marks, which are very successful and well known.

2. Defendants, plainly aware of the existence and fame of Pfizer's VIAGRA® Marks and of the value of those marks in communicating to the public, have misappropriated those marks for the marketing and promotion of defendants' outdoor mobile advertising services and other products and services. As set forth more fully below, defendants operate an advertising business that, for a fee, affixes advertisements to actual or replica military equipment that defendants then display in metropolitan areas. In a brazen effort to attract attention to their business and services, defendants have without authorization reproduced Pfizer's VIAGRA® Marks on replica military missiles which defendants have displayed at various locations throughout New York City and elsewhere -- including in front of Pfizer's world headquarters on 42nd Street in Manhattan. The unauthorized use by defendants of Pfizer's VIAGRA® Marks to attract attention and to promote defendants' services and products infringes Pfizer's distinctive and famous VIAGRA® Marks, and unlawfully capitalizes on the goodwill and reputation painstakingly established by Pfizer through its use and promotion of the marks. Defendants' infringement of Pfizer's VIAGRA® Marks is likely to cause a substantial number of consumers, purchasers and others to be confused or mistaken into believing that defendants and their services and products originate with, are sponsored or approved by, emanate from, or are

otherwise associated with Pfizer or the source of the VIAGRA® product and marks. In addition, defendants' unauthorized uses of the VIAGRA® Marks are likely to dilute Pfizer's famous VIAGRA® Marks in that the reputation of the marks will be harmed by defendants' use of the marks. Finally, by their use of the VIAGRA® Marks, defendants have falsely designated the origin of their products and services and have engaged in unfair competition. Unless defendants' acts of infringement, dilution, unfair competition and false designation of origin are enjoined, Pfizer will suffer irreparable injury for which there is no adequate remedy at law.

## PARTIES

3. Plaintiff Pfizer is a corporation organized under the laws of the State of Delaware with its principal place of business at 235 East 42nd Street, New York, New York. Pfizer is engaged in the business of, *inter alia*, the development, manufacture and sale of prescription pharmaceutical products, including the well-known and very successful prescription pharmaceutical VIAGRA® (sildenafil citrate) for the treatment of erectile dysfunction, also known as impotence.

4. On information and belief, defendant Arye Sachs is an individual residing at 1202 4th Avenue, West Babylon, New York 11704, with an office or residence at 408 East 92nd Street, Suite 26B, New York, New York 10128, and defendant JetAngel.com is an unincorporated business through which Sachs sometimes does business. Defendants are engaged in the business of selling mobile outdoor advertising on actual and replica military equipment, including in the State of New York and this Judicial District.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the federal trademark infringement, trade dress infringement, trademark dilution, false designation of origin and unfair competition claims pursuant to the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and

(b). The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367.

6. The Court has personal jurisdiction over defendants because defendants are present and doing business in the State of New York either directly or through their agents, or, alternatively, because defendants are subject to personal jurisdiction under the principles set forth in New York Civil Practice Law and Rules § 302.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because defendants are subject to personal jurisdiction in this Judicial District and because a substantial portion of the conduct giving rise to Pfizer's claims occurred in this Judicial District.

## ALLEGATIONS COMMON TO ALL CLAIMS

### Pfizer and Its Famous VIAGRA® Marks

8. Pfizer is a research-based, global pharmaceutical company, founded over 150 years ago, that, *inter alia*, develops, manufactures and sells pharmaceutical products.

9. One of Pfizer's best known and most successful products is its VIAGRA® (sildenafil citrate) product, a prescription pharmaceutical for the treatment of erectile dysfunction. Pfizer spent hundreds of millions of dollars and extensive resources on research and development of its VIAGRA® brand therapy, which was the first oral medication by the United States Food and Drug Administration ("FDA") for treating erectile dysfunction. The launch in 1998 of Pfizer's VIAGRA® product, the first FDA-approved oral treatment for erectile dysfunction, represented a major medical breakthrough.

10. Pfizer owns a valid, subsisting and existing U.S. Trademark Registration, No. 2,162,548, for the trademark VIAGRA® for a "compound for treating erectile dysfunction." A true and accurate photocopy of the registration certificate for Pfizer's U.S. Trademark Registration No. 2,162,548, which was issued on June 2, 1998 and which has become

incontestable within the meaning of 15 U.S.C. § 1065, is attached as Exhibit A, as are copies of Patent & Trademark records evidencing Pfizer's maintenance of this registration. Pfizer also owns valid and subsisting common law rights to the trademark VIAGRA® as a result of its extensive, continuous and exclusive use of this mark throughout the United States and the world to identify its pharmaceutical products and services such as medical information services directed to men's health issues.

11. The VIAGRA® mark is a coined or fanciful term that has no meaning apart from its meaning as an indicator of Pfizer's products and services, and is inherently distinctive both to the trade and the consuming public.

12. Pfizer also has adopted and uses the mark VIVA VIAGRA in connection with the advertisement of its VIAGRA® product. In particular, in July 2007, Pfizer launched a major new national advertising campaign for its VIAGRA® product, the centerpiece of which is the slogan VIVA VIAGRA. Virtually all of Pfizer's advertisements since mid-2007 have prominently featured the slogan VIVA VIAGRA. These advertisements, examples of which are attached as Exhibit B hereto, have appeared extensively on television and radio, in print and on the Internet. As shown in Exhibit B, the VIVA VIAGRA slogan is routinely depicted in Pfizer's advertisements in blue text, with the word "VIAGRA" in block type preceded by the word "VIVA" written at an angle in cursive type.

13. Pfizer owns valid and subsisting common law rights to the trademark VIVA VIAGRA as a result of its extensive, continuous and exclusive use of this mark throughout the United States and the world to identify its pharmaceutical products. In addition, Pfizer owns a pending U.S. trademark application to register the VIVA VIAGRA mark, Serial No. 77/043,506, to register the mark VIVA VIAGRA for "Printed materials, namely booklets, pamphlets and

posters on the topic of men's sexual health" and "Medical information services, namely, providing information relating to men's sexual health; on-line information services, namely providing information relating to men's sexual health via a global computer network." A copy of the PTO record for Pfizer's VIVA VIAGRA application is attached as Exhibit C hereto.

14. Pfizer has made and continues to make substantial efforts and expenditures to advertise and promote its VIAGRA® (sildenafil citrate) product under the VIAGRA® Marks. Beginning more than ten years ago, advertisements and promotions for the product, featuring the VIAGRA® mark have been placed in a wide range of media including national broadcast and cable television, radio, print media including nationally and internationally circulated newspapers and magazines, and various other media, including on Pfizer's VIAGRA® web site at http://www.viagra.com. As noted above, since mid-2007, Pfizer also has extensively advertised its VIVA VIAGRA slogan in television, radio, print and online advertising. Since introducing its VIAGRA® product in 1998, Pfizer has spent substantial sums of money to promote the product in the United States under the VIAGRA® mark and, since 2007, also under the VIVA VIAGRA mark.

15. Pfizer's extensive marketing, advertising and promotion of its VIAGRA® product under the VIAGRA® Marks has been highly successful, as demonstrated by the response of consumers. In the United States alone, the VIAGRA® product has achieved billions of dollars of sales since it was launched in 1998, and worldwide sales have reached nearly sixteen billion dollars. Within a very short time of its launch, the VIAGRA® product became exceptionally well-known and famous throughout the United States and abroad.

16. By virtue of Pfizer's substantial use, sales, advertising, and promotion of the VIAGRA® Marks throughout the United States and abroad, the enormous publicity and media

attention accorded to the marks, and the inherently distinctive nature of the marks, the VIAGRA® Marks have become well-known and famous marks, have become distinctive of Pfizer's products and services, and have come to serve to identify and indicate the source of Pfizer's products and services to consumers, purchasers and others. Pfizer has developed for itself and its VIAGRA®-branded products and services substantial goodwill and an excellent reputation among actual and potential purchasers, healthcare providers, and users of its products and services.

17. In light of the distinctiveness of Pfizer's VIAGRA® Marks, the duration and extent of Pfizer's sales, advertising, marketing, use and widespread publicity regarding its VIAGRA® Marks throughout the United States, the VIAGRA® Marks are famous trademarks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

**Defendants' Misappropriation and Unauthorized Use of the VIAGRA® Marks.**

18. Upon information and belief, defendants are in the business of selling outdoor mobile advertising on decommissioned and/or replica military equipment such as fighter jets and missiles which defendants displays in metropolitan areas. Defendants describe and promote their advertising services on a web site at http://jetangel.com, excerpts from which are attached as Exhibit D hereto. On the web site, Jet Angel states, among other things:

> WHAT WE DO
>
> In an era where advertisers are competing for customer attention, Jet Angel is introducing extreme out-of-home advertising and promotional platforms that cannot be duplicated by competitors.

19. Defendants' web site goes on to state that Jet Angel offers "an innovative, community-friendly alternative to conventional mobile branding, wrap-up ads and old, controversial billboards," describes various outdoor advertising programs offered by Jet Angel

and describes at length the claimed benefits that a company can enjoy by using defendants' advertising services. Defendants' web site also features illustrations of military equipment bearing the VIAGRA® mark, which was not authorized by Pfizer, as well as other well-known trademarks such as COCA-COLA®, CNN®, BUDWEISER® and BAYER®.

20. In a blatant effort to use Pfizer's valuable VIAGRA® Marks and its ongoing and well-known VIVA VIAGRA national advertising campaign to draw attention to and promote their business, defendants have misappropriated the VIAGRA® Marks by displaying them without Pfizer's authorization on replica missiles which defendants have driven through New York City and other locations, using trucks that also feature prominent advertising for defendants' business and services.

21. In particular, in an effort to promote their business and services, on September 8, 2008, defendants transported through Manhattan, and even brought to Pfizer's world headquarters on 42nd Street, a replica missile prominently bearing Pfizer's VIVA VIAGRA mark and logo on its side in the same color and distinctive lettering style used in Pfizer's own VIVA VIAGRA advertisements. Photographs of defendants' infringing VIAGRA-branded missiles in various locations in Manhattan are attached as Exhibit E hereto.

22. The next day, September 9, 2008, defendants sent an email to Pfizer in which they indicated that they planned to return again with a VIAGRA-branded missile, along with "two models handing out free condoms." That email, a copy of which is attached as Exhibit F, stated:

> http://jetjewel.com/JET/VIA.html - CHECK IT OUT IMMEDIATELY!!!!
>
> Jet Angel hopes that you enjoyed yesterday's visit to NYC including all your free PR. It is the intention to make a second trip next week, with the VIAGRA Missile, and "riding" on top will be two models handing out free condoms!

> LOOK AT ALL THE PEOPLE STARRING, THE JOY, THE IMPRESSIONS!!!!

The web page referenced in the September 9 email, http://jetjewel.com/JET/VIA.html, contained a number of additional photographs of defendants' VIAGRA-branded missiles in various locations around Manhattan, including at Trump Tower, at the Grace building on 42nd Street, in Times Square, and at Pfizer's 42nd Street world headquarters. (Copies of these photographs are attached as Exhibit E hereto.)

23. On September 9, 2008, counsel for Pfizer sent a letter to defendants notifying them, among other things, that their use of Pfizer's VIAGRA® Marks was not authorized, and demanding that they agree no later than September 10, 2008 to cease all use of the VIAGRA® Marks. A copy of the September 9, 2008 letter to defendants is attached as Exhibit G hereto.

24. On September 11, 2008, having received no response from defendants, counsel for Pfizer sent them a second letter in which Pfizer again demanded that defendants cease all use of Pfizer's trademarks, and reserved its rights to pursue legal remedies with respect to defendants' conduct. A copy of the September 11, 2008 letter to defendants is attached as Exhibit H hereto.

25. On the morning of Friday, September 12, 2008, defendants sent a brief email to counsel for Pfizer, a copy of which is attached as Exhibit I hereto. The email stated:

> Dear Mr. Llewellyn.
>
> You will receive my personal respectful response by email no later than tonight.
>
> Sincerely
>
> Arye Sachs

26. However, defendants sent no further response on September 12, 2008. Instead, confirming their bad faith and willful infringement of Pfizer's marks, defendants upon information and belief embarked on a second trip on September 12 or during that weekend. This

time, defendants exhibited a VIAGRA-branded missile (and a prominent sign advertising their own business) at an adult entertainment exposition in New Jersey as well as at other locations in New York. Thus, photographs from defendants' web site which are attached as Exhibit J hereto (and which, as set forth below, were first brought to Pfizer's attention by defendants late on September 14) show a VIAGRA-branded missile (different from the one that appeared in Manhattan on September 8) at various locations, including outside the "EXXXOTICA New York" adult entertainment show held in New Jersey from September 12 to 14, 2008. These photographs also depict condoms that, as set forth below, defendants state that they are distributing to the public during the exhibition of their VIAGRA-branded missiles.

27. On September 14, 2008, at 11:05 pm, defendants sent an email response to Pfizer's September 9, 2008 and September 11, 2008 letters, a copy of which is attached as Exhibit K hereto. In their September 14, 2008 response, defendants stated, *inter alia*, that they intended to continue to display their several VIAGRA-branded missiles, including on a tour of "New York and twelve other major cities across the United States" in which free condoms bearing depictions of presidential candidates Barack Obama and John McCain would be distributed by defendants to the public. The September 15 response further stated:

> "In spite of your threats, our national tour will continue as planned. (Today's updates: http://jetangel.com/VIAGRASEPT152008.HTML)"

At that web page referenced in defendants' September 14 email, Pfizer discovered the photographs attached as Exhibit J.

28. Defendant has continued to state, including in a press release (attached as Exhibit L hereto) distributed to the media on September 17, 2008, that it has embarked on a nationwide campaign in Washington, D.C., New York City, and other major cities, with "candidates' names

on Viagra missiles," the exhibition at various landmarks of missiles that "carry the 'Viva Viagra' logo with [the] slogan, 'Practice Safe Politics,'" and the intent to distribute condoms with images of Barack Obama and John McCain as defendants exhibit their VIAGRA-branded missiles. Confirming that the true purpose of defendants' infringing and unlawful conduct is to advertise and promote their business and services, the press release ends with the statement "Advertising with Jet Angel is available through AVI Media Group," followed by a telephone number and the www.jetangel.com Internet address.

**Irreparable Harm to Pfizer Caused by Defendants**
<u>**Actual and Threatened Misappropriation of Pfizer's Marks**</u>

29. Defendants have not now and never have been authorized by Pfizer to use the VIAGRA® Marks in connection with their business, services or products.

30. Defendants' use of the VIAGRA® Marks is likely to cause confusion, mistake or deception of purchasers and the consuming public as to the source or origin of their services and products. Actual and potential purchasers and consumers in New York, in this Judicial District and throughout the United States, upon encountering defendants' mobile rockets and other advertising bearing the VIAGRA® Marks, and associated activities, are likely mistakenly to believe that defendants' advertising, services or products originate with, or are licensed, approved, sponsored or endorsed by, or otherwise affiliated with or related to, Pfizer or its VIAGRA® product, which they are not. Others are likely to be drawn to defendants' services and business only because of the initial interest generated by defendant's confusing and misleading use of Pfizer's VIAGRA® Marks.

31. Because of the wholesale misappropriation and threatened misappropriation of the VIAGRA® Marks by defendants, many actual and potential purchasers and consumers are likely to mistakenly believe that Pfizer is advertising its VIAGRA® product on military missiles that

are transported throughout Manhattan and elsewhere, is advertising its VIAGRA® product using models distributing condoms to the public and at adult entertainment events, and otherwise is engaging in or sponsoring defendants' activities.

32. Pfizer's valuable goodwill in, and the reputation for quality enjoyed by, its famous and well-known VIAGRA® Marks depends upon Pfizer's ability to control the use of the VIAGRA® Marks. Any unauthorized use of the VIAGRA® Marks or similar marks, tends to erode the reputation of the famous and well-known VIAGRA® trademark and trade dress and to harm Pfizer's valuable goodwill, causing irreparable harm to Pfizer.

33. Pfizer has no control over the nature and quality of the services and products provided by defendants. Any failure, neglect or default by defendants in providing such goods and services reflects adversely on Pfizer as the perceived source of origin or sponsor thereof, thereby hampering Pfizer's efforts to protect its outstanding reputation for high quality products, and resulting in potential loss of sales, damage to goodwill, and loss of the considerable expenditures to promote its products under its famous VIAGRA® Marks, all to the irreparable harm of Pfizer.

34. Defendants' use of the VIAGRA® Marks well after they became famous has caused and is likely to cause tarnishment of Pfizer's famous VIAGRA® Marks, in that it will damage the reputation of those marks among consumers and the public.

35. Defendants' acts are causing and will continue to cause damage and irreparable harm to Pfizer and to its valuable reputation and goodwill with purchasers and consumers, as well as dilution of Pfizer's famous VIAGRA® Marks. Pfizer has twice notified defendants of their trademark and other violations and demanded that they refrain from infringing and misusing Pfizer's VIAGRA® Marks and engaging in other unauthorized activity. To date, defendants have rejected Pfizer's assertions of trademark violations, have refused to cease using the VIAGRA®

Marks and have threatened to expand such use. Defendants' unlawful conduct will continue unless enjoined by this Court.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement Under 15 U.S.C. §1114(1)

36. Pfizer repeats and realleges paragraphs 1 through 35 of this complaint as if fully set forth herein.

37. This claim is for the infringement of a trademark registered in the United States Patent and Trademark Office, pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), as amended.

38. Defendants' VIAGRA and VIVA VIAGRA marks are confusingly similar to, and a colorable imitation of, Pfizer's federally registered VIAGRA® mark.

39. Defendants' unauthorized use of the marks VIAGRA and VIVA VIAGRA is likely to cause confusion and mistake and to deceive the public as to the approval, sponsorship, license, source or origin of defendants' services or products.

40. On information and belief, defendants' infringement of Pfizer's federally registered VIAGRA® mark has been willful and deliberate, and designed to trade on Pfizer's goodwill associated with the mark, and defendants have profited and been unjustly enriched by sales and publicity that defendants would not otherwise have obtained but for their unlawful conduct.

41. Defendants' acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### False Designation of Origin Under 15 U.S.C. § 1125

42. Plaintiff repeats and realleges paragraphs 1 through 35 of this Complaint as if fully set forth herein.

43. This claim is for false designation of origin, false endorsement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as amended.

44. By their unauthorized use of the marks VIAGRA and VIVA VIAGRA as described above, defendants have falsely designated the origin of defendants' services and products and defendants have thereby competed unfairly with plaintiff and engaged in acts of false designation of origin and false sponsorship, in violation of 15 U.S.C. § 1125(a).

45. On information and belief, defendants' acts of false designation of origin, false sponsorship and unfair competition have been done willfully and deliberately and defendants have profited and been unjustly enriched by sales and publicity that defendants would not otherwise have obtained but for their unlawful conduct.

46. Defendants' acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### Federal Trademark Dilution Under 15 U.S.C. §1125(c)

47. Plaintiff repeats and realleges paragraphs 1 through 35 of this Complaint as if fully set forth herein.

48. This claim is for trademark dilution pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), as amended.

49. The marks VIAGRA® and VIVA VIAGRA are distinctive and famous within the meaning of 15 U.S.C. § 1125(c)(1) and were distinctive and famous prior to the date of defendants' unauthorized adoption and use of the VIAGRA and VIVA VIAGRA marks.

50. Defendants' conduct, as described above, is diluting and is likely to dilute Pfizer's famous VIAGRA® Marks, by harming the reputation of those marks.

51. Defendants' conduct, as described above, is diluting and is likely to dilute Pfizer's famous VIAGRA® Marks, by impairing the distinctiveness of those marks.

52. Defendants' acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF

#### Common Law Trademark Infringement

53. Plaintiff repeats and realleges paragraphs 1 through 35 of this Complaint as if fully set forth herein.

54. This claim is for trademark infringement and unfair competition in violation of the common law of the State of New York.

55. Defendants' use of the marks VIAGRA and VIVA VIAGRA, as described above, constitute common law trademark infringement, passing off and unfair competition in violation of common law.

56. On information and belief, defendants' acts of common law trademark infringement, passing off and unfair competition have been done willfully and deliberately and defendants have profited and been unjustly enriched by sales and publicity that defendants would not otherwise have obtained but for their unlawful conduct.

57. Defendants' acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF

#### Trademark Dilution Under
#### New York Gen. Bus. Law Section 360-l

58. Pfizer repeats and realleges paragraphs 1 through 35 of this complaint as if fully set forth herein.

59. This claim is for trademark dilution pursuant to New York Gen. Bus. Law Section 360-l, as amended.

60. The VIAGRA® Marks are distinctive within the meaning of New York Gen. Bus. Law Section 360-l.

61. Defendants' conduct, as described above, creates a likelihood of dilution of the distinctive quality of the VIAGRA® Marks in violation of New York Gen. Bus. Law Section 360-l.

62. Defendants' acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiff has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF

#### Deceptive Acts and Practices Under
#### New York Gen Bus. Law §§ 349-350

63. Plaintiffs repeat and reallege paragraphs 1 through 35 of this Complaint as if fully set forth herein.

64. This claim is for false advertising and deceptive acts and practices under New York General Business Law Sections 349 and 350, *et seq.*

65. Defendants' use of the marks VIAGRA and VIVA VIAGRA, as described above, will cause mistake or deception among consumers and the public in the State of New York.

66. Defendants' use of the marks VIAGRA and VIVA VIAGRA, as described above, constitutes false advertising and deceptive acts and practices in violation of New York General Business Law Sections 349 and 350, *et seq.*

67. On information and belief, defendants' unlawful conduct has been willful and deliberate and defendants have profited and been unjustly enriched by sales and publicity that defendants would not otherwise have obtained but for their unlawful conduct.

68. Defendants' acts described above have caused injury and damages to plaintiff, and have caused irreparable injury to plaintiffs' goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby plaintiffs have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court enter judgment against defendants as follows:

(A)   Ordering that defendants be adjudged to have violated Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(c), to have committed acts of trademark infringement and unfair competition in violation of state common law, to have caused trademark dilution in violation of New York Gen. Bus Law § 360-l, and to have committed unfair competition and deceptive acts in violation of New York Gen. Bus Law §§ 349 and 350 *et seq.*;

(B)   Granting a temporary, preliminary and permanent injunction restraining defendants, their officers, directors, agents, employees, servants, attorneys, successors, assigns and others controlling, controlled by or affiliated with it and all those in privity or active concert

or participation with any of the foregoing, and all those who receive actual notice by personal service or otherwise:

    (i)    from using, orally, in writing or in any media the name, word or mark VIAGRA or VIVA VIAGRA, or any other name, word or mark confusingly similar to plaintiff's trademark VIAGRA® in connection with the advertisement, promotion, marketing, offering, distribution, provision or sale of any goods, services or business; and

    (ii)    from otherwise competing unfairly with plaintiff;

    (C)    Ordering defendants to pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of defendants' acts of trademark infringement, trademark dilution, unfair competition, false designation of origin, false endorsement, false advertising and deceptive acts and practices, the content, nature, form and extent of which is to be approved by plaintiff and this Court;

    (D)    Ordering an accounting of all gains, profits, savings and advantages realized by defendants from their aforesaid acts of trademark infringement, trademark dilution, unfair competition, false designation of origin, false endorsement, false advertising and deceptive acts and practices;

    (E)    Awarding such damages as plaintiff shall establish in consequence of defendants' aforesaid acts of trademark infringement, trademark dilution, unfair competition, false designation of origin, false endorsement, false advertising and deceptive acts and practices, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate plaintiff for its damages, pursuant to 15 U.S.C. § 1117(a), and, pursuant to New York Gen. Bus. Law § 349(h), statutory damages of $1000 for each violation, together with appropriate interest thereon;

(F)     Ordering defendants to recall from all channels of distribution, exhibition and display all actual or replica missiles or other equipment, advertising displays, signs, labels, goods, product packaging, promotional materials, advertisements, commercials, and other items, the dissemination or display by defendants of which would violate the injunction herein granted;

(G)     Ordering defendants to deactivate all web sites and deliver up for destruction any and all goods, product packaging, promotional materials, advertisements, commercials and other items in the possession, custody or control of defendants which, if sold, displayed or used, would violate the injunction herein granted;

(H)     Ordering that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), defendants shall serve upon plaintiff within thirty (30) days after service on defendants of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the injunction;

(I)     Awarding plaintiff its costs and expenses of this action;

(J)     Declaring that this is an exceptional case, pursuant to 15 U.S.C. § 1117, because of the willful and deliberate nature of defendants' acts of trademark and trade dress infringement, trademark dilution, unfair competition, false designation of origin, false endorsement, false advertising and deceptive acts and practices, and awarding plaintiff its reasonable attorneys' fees; and

(K)     Granting such other and further relief as this Court may deem just and proper.

Dated: September 17, 2008
      New York, New York

                                      KAYE SCHOLER LLP

By: _____
     Paul C. Llewellyn
     Patricia A. Ryder

425 Park Avenue
New York, New York 10022
(212) 836-7828 (telephone)
(212) 836-6463 (facsimile)

*Attorneys for Pfizer Inc.*